# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MFA OIL COMPANY**                                                      **PLAINTIFF**

**v.**                  **CASE NO. 2:21-CV-00003-BSM**

**JOHN WILLIAMS, JR.**                                         **DEFENDANT**

## TEMPORARY RESTRAINING ORDER

MFA Oil Company's request for a temporary injunction will be addressed once a hearing has been held. In the interim, John Williams, Jr. is restrained from: (1) working for any company engaged in the sale of petroleum products within a 35 mile radius of MFA's West Helena/Lexa, Arkansas plant; and (2) individually engaging in the sale or delivery of petroleum products within a 35 mile radius of MFA's West Helena/Lexa, Arkansas plant.

Typically, an *ex parte* temporary restraining order may be granted when a plaintiff submits a verified complaint or an affidavit in support of its motion, and plaintiff's counsel certifies that it has attempted to provide notice of the request to the defendant or opposing counsel. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); Fed. R. Civ. P. 65(b). MFA requested a temporary injunction in its complaint and has filed a motion, along with a supporting affidavit, for the same. MFA served the complaint on Williams and Williams failed to answer. MFA moved for a default judgment, but it was denied because it is premature.

I typically do not grant temporary injunctions until I have listened to witness testimony. Consequently, to preserve MFA's position, especially considering that Williams

has been served and has failed to answer the complaint, I am entering a temporary restraining order, instead of a temporary injunction, and will schedule a hearing to determine whether a temporary injunction should issue. In doing so, I have examined the complaint and motion, and the affidavit, and have balanced (1) the threat of irreparable harm to the MFA; (2) the balance of the harms between the MFA and Williams; (3) the probability that MFA will succeed on the merits; and (4) the public interest. *Watkins, Inc.*, 346 F.3d at 844 *(*quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 115 (8th Cir. 1981) (en banc)).

Based on the present record, it appears that MFA is likely to prevail on the merits and will suffer irreparable harm if Williams continues to violate the agreement. It also appears that the public interest weighs in favor of enforcing the agreement.

This temporary restraining order will remain in effect for fourteen days. MFA is directed to contact Raeanne Gardner, my courtroom deputy clerk, to schedule a hearing on its motion for temporary injunction. To accommodate the parties during the COVID pandemic, witnesses may appear by video. MFA is directed to serve Williams with a copy of this order and Williams is directed to respond within fourteen days.

IT IS SO ORDERED this 11th day of February, 2021.

TIME: 8:30 a.m.

*[signature]*
UNITED STATES DISTRICT JUDGE